**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC JASON WANAMAKER, #63500, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0255-N |
| | ) | ECF |
| JOHNSON COUNTY JAIL, et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is currently confined at the Johnson County Jail in Cleburne, Texas.

Defendants are the Johnson County Jail, Sheriff Bob Alford, Captain Craig, Officers Petterson and Daniels, and the Sheriff's Grievance Board.

The Court did not issue process in this case, pending preliminary screening. On March 2, 2006, the Court issued a questionnaire to Plaintiff who filed his answers on March 9, 2006.

Statement of Case: The complaint alleges Defendants denied Plaintiff access to a law library and made mistakes in handling his legal mail -- i.e., opened it outside of his presence and delivered it to other inmates. The complaint further alleges that Defendants failed to respond to medical emergencies, and engaged in repeated "safety and health code violations." Plaintiff

requests declaratory and injunctive relief, and nominal damages of $250.00 to cover the cost of the filing fee in this case. (Answer to Questions 3).

Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma pauperis* (IFP). His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).[1]

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46

---

[1] 42 U.S.C. § 1997e(c)(1) also provides that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

2

(1957).[2]

1. <u>Non-suable Party</u>

At the outset the Court notes that the complaint names as a defendant the Johnson County Jail, which is a part of the Johnson County Sheriff Department. (Complaint at p. 1). Neither the Johnson County Jail nor the Johnson County Sherif Department is named as a defendant in the "Parties" section at page 2 of the complaint. Nevertheless, insofar as Plaintiff is seeking to sue the Johnson County Jail, it is subject to dismissal at the screening stage. A plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. <u>See</u> <u>Darby v. Pasadena Police Dep't</u>, 939 F.2d 311, 313 (5th Cir. 1991). In <u>Darby</u>, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." <u>Id.</u> Plaintiff has failed to show that the Johnson County Jail has ever been granted the capacity to sue or be sued. As such, it should be dismissed with prejudice as frivolous.

2. <u>Merits</u>

Plaintiff's complaint lacks an arguable basis in law and/or fails to state a claim upon

---

[2] Plaintiff concedes that he did *not* suffer a physical injury as a result of Defendants' actions at issue in this case. (Answer to Questions 4-7). He also concedes that he is *not* seeking monetary relief, other than for requesting a reimbursement of the $250.00 filing fee from Johnson County (Answer to Questions 6-7), a cost which is normally taxed against a losing party. <u>See</u> 28 U.S.C. § 1920.

However, the prohibitive feature of 42 U.S.C. § 1997e(e), requiring a physical injury before recovery of compensatory damages for psychological injury under the PLRA, does not apply in the context of requests for declaratory or injunctive relief sought to end allegedly unconstitutional conditions of confinement. <u>See</u> <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999) (holding that requests for declaratory and injunctive relief to end allegedly unconstitutional conditions of confinement survived the PLRA's physical injury requirement).

which relief can be granted.[3]

In his first ground, Plaintiff alleges the Johnson County Jail denied him access to a law library. Plaintiff concedes that he is a pre-trial detainee who is represented by appointed counsel. (Answer to Questions 3 and 8). When a criminal defendant is represented by counsel, he has not constitutional right of access to a law library in connection with his criminal proceedings. See Caraballo v. Federal Bureau of Prisons, 124 Fed. Appx. 284, 285 (5th Cir. 2005) (federal inmate who had court-appointed counsel on direct appeal had no constitutional right of access to a law library in preparing his defense); Gordon v. Police Jury of Jefferson Davis Parish, 2001 WL 1468183, *1 (5th Cir. 2001) (unpublished per curiam) (state inmate who was represented by counsel in criminal proceeding was not entitled to relief on claim that he did not have access to law library).[4]

---

[3] Although Plaintiff has not exhausted his administrative remedies as set out more fully below, the Court may dismiss a case as frivolous or for failure to state a claim without first requiring exhaustion of administrative remedies. See 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies).

[4] Plaintiff alleges in passing that he is "at a stand still with [his] court-appointed attorney." (Answer to Question 8). This allegation is conclusory. Plaintiff fails to specify the type of disagreement that he has with his counsel and whether he has requested the appointment of new counsel or that he be permitted to proceed *pro se*. Even if Plaintiff were proceeding *pro se*, his claims of denial of access to the law library lack an arguable basis in law. The Supreme Court recently observed that it has never recognized a *pro se* defendant's right to law library access under the Sixth Amendment. Kane v. Garcia Espitia, ___ U.S. ___, 126 S. Ct. 407, 408 (2005) (recognizing that Faretta v. California says nothing about any specific legal aid that the State owes a *pro se* criminal defendant). See Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) (collecting cases) (holding that a defendant who rejects the assistance of court-appointed counsel has no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial).

Next Plaintiff complains about his incoming legal mail. He alleges that his incoming legal mail was opened outside of his presence, and accidentally delivered to other inmates. As discussed below, the mail issues were addressed and resolved by Captain Craig, thereby, rendering moot any claims for relief on these grounds. Additionally, the error on the part of officer Peterson alleges at most a claim of negligence which is not actionable in a § 1983 suit. See Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 664 (1986); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995). Further, not every opening of a prisoner's legal mail, even if intentional, violates the prisoner's constitutional rights. Plaintiff's complaint alleges no prejudice caused by the opening of his legal mail. See Lewis v. Casey, 518 U.S. 343, 349-51, 116 S.Ct. 2174 (1996); Sanders v. Carnley, 100 Fed. Appx. 236, 237 (5th Cir. 2004) (assertions that sergeant opened prisoner's legal mail outside his presence were insufficient to establish denial of access to the courts); Jones v. Mail Room Staff, 74 Fed. Appx. 418, 419 (5th Cir. 2003) (inmate's failure to allege that he was prejudiced in any way in a legal proceeding or prevented from filing another grievance because the mail room staff opened his legal mail was insufficient to allege a violation of his right of access to the courts).

Next Plaintiff alleges that Officer Daniels is "not responding to medical emergencies." (Complaint at 3). The complaint fails to provide any details about the alleged medical emergencies and the lack of response thereto. In a letter to the Texas Commission on Jail Standards Plaintiff explains that on January 12, 2006, it took Officer Daniels over thirteen minutes to call the medical staff in response to an identified inmate having a seizure. (Letter at 3, attached to complaint). Plaintiff lacks standing to litigate claims on behalf of other inmates.

Plaintiff also alleges that Sheriff Alford is responsible for "Safety & Health Code

violations" at the Johnson County Jail. In support of this claim Plaintiff again relies on the letter to the Texas Commission on Jail Standards (attached to the complaint), which complains generally about the deplorable conditions of the Johnson County Jail. By letter dated March 24, 2006, the Texas Commission on Jail Standards advised Plaintiff that his concerns had been reviewed and that "it was determined that no violation of jail standard ha[d] occurred." (See Letter attached to Apr. 3, 2006 filing).

To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. See Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); Bigford v. Taylor, 834 F.2d 1213, 1220 (5th Cir. 1988); Thibodeaux v. Arceneaux, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Grandstaff v. City of Borger, 767 F.2d 161, 169-70 (5th Cir. 1985).

The complaint fails to provide any details as to Sheriff Alford's personal involvement, if any, in the alleged conditions of confinement at the Johnson County Jail. Nor does the complaint provide sufficient facts to allege that the Sheriff Alford personally implemented a custom or policy with respect to the conditions of confinement at issue.

Moreover, to allege a civil rights claim regarding the conditions of his confinement, a

pretrial detainee must assert that the conditions which caused an injury amounted to punishment and were not incident to some other legitimate governmental purpose. See Bell v. Wolfish, 441 U.S. 520, 535, 538, 99 S.Ct. 1861 (1979); Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997) (en banc). The fact that a detention interfered with a detainee's desire to live as comfortably as possible does not convert the conditions of confinement into punishment. Bell, 441 U.S. at 537.

Plaintiff's allegations regarding the conditions of confinement at the Johnson County Jail are conclusory at best. He has not alleged that the conditions personally caused him any injury, nor that they amounted to proscribed punishment.

Plaintiff has been given an opportunity to expound on the factual allegations of his complaint by way of questionnaire. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under § 1915(d) is proper); Watson v. Ault, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). Because he has failed to allege any cognizable claim for relief against the named Defendants under § 1983, the complaint should be dismissed with prejudice as frivolous. See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), 42 U.S.C. § 1997e(c).

3.   Exhaustion of Administrative Remedies

Alternatively the Court concludes that Plaintiff has failed to exhaust his administrative remedies. Administrative exhaustion under 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004); Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).

Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added). Most recently in Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2385 (2006), the Supreme Court held that § 1997e(a) exhaustion requirement requires proper exhaustion of administrative remedies, namely "'using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (emphasis in original, quoted case omitted).

To exhaust in accordance with § 1997e(a), a prisoner at the Johnson County Jail must pursue administrative remedies under the two-step grievance procedure applicable to that facility. The first step requires the inmate to submit a written grievance, "promptly following the incident," to the Grievance Board. (Attachment I at 3). After review and an investigation, if necessary, the Grievance Board will issue a written decision. (Id. at 4). If the inmate disputes the findings and actions of the Grievance Board, he may request a hearing before the Grievance Review Board (Id.). Upon receipt of a decision from the Grievance Review Board, the inmate may appeal to the Sheriff. (Id. at 4-5).

With his complaint, Plaintiff submitted copies of three grievances -- (1) the first related to the opening of his legal mail, (2) the second related to the delivery of his legal mail to another inmate, who then gave it to Plaintiff when he woke up, and (3) the third (submitted by another

8

Attachments to Complaint). Captain Craig responded to each of the above grievances. He stated he would personally look into the opening of the legal mail. (Grievance dated 1/26/06 attached to Complaint). He noted there was a strict policy permitting the opening of legal mail, but only in the presence of the respective inmate. (Id., response on bottom part). He also noted that "Officer Peterson had no business handing legal mail to an inmate to pass on to another inmate." (Grievance dated 1/28/06, response on bottom part). With respect to the last grievance, Captain Craig acknowledged that "they [guards] are to wear gloves" when serving food. (Grievance dated 1-31-06).[5]

Attached to his answers to the questionnaire, Plaintiff submits copies of two additional grievances – the first one requesting a copy of all grievances previously filed, and the second one relating to the opening of his legal mail. It appears the first grievance was "given back [to Plaintiff] on 3/6/06" with no response. With respect to the second one, Captain Craig discussed the matter personally with Plaintiff on March 6, 2006, and advised him that there was "no excuse as to why his legal mail is being [opened] without his presence," and that action would be taken if the problem persisted, which resolved these issues. Therefore, Plaintiff cannot show that he fully exhausted his administrative remedies with respect to the opening of his legal mail.

Nor can Plaintiff show that he exhausted his administrative remedies with respect to his remaining claims. Plaintiff has failed to establish that he submitted any grievances regarding the denial of access to the law library, denial of emergency medical care, and the conditions of

---

[5] As the Supreme Court noted in Woodford v. Ngo, *supra*, "[r]equiring proper exhaustion . . . gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." 126 S. Ct. at 2387-88. Captain Craig's replies to these grievances constituted appropriate responses insuring that the incidents complained of would not reoccur.

Nor can Plaintiff show that he exhausted his administrative remedies with respect to his remaining claims. Plaintiff has failed to establish that he submitted any grievances regarding the denial of access to the law library, denial of emergency medical care, and the conditions of confinement. Plaintiff provides neither the date on which he filed grievances complaining about any of the above issues, nor the date on which he received a response. The fact that Plaintiff unsuccessfully sought copies of all his grievances from the Johnson County Sheriff's Office -- Jail Division, before filing the complaint in this case (see Grievance dated 2/3/06 attached to answer to questionnaire), does not absolve his failure to plead that he has exhausted his administrative remedies with respect to his law library, emergency medical care, and conditions of confinement claims. In answer to the questionnaire, he merely states "I did exhaust all complaints with the grievances officer Captain Craig." (Answer to Question 10). Moreover, in light of the fact that a prisoner must exhaust administrative remedies before filing a § 1983 action, see Wendell v. Asher, *supra*, coupled with the screening obligations imposed by 42 U.S.C. § 1997e(c)(1), the Court may require a prisoner to demonstrate that the administrative remedies have been exhausted.[6]

Plaintiff has not raised any valid excuses for failing to exhaust his available administrative remedies before filing the complaint in this case. In light of the statutory mandate of § 1997e(a), the District Court should dismiss Plaintiff's complaint without prejudice for failure to exhaust administrative remedies. See Wendell, 162 F.3d at 891-92; see also Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002) (dismissing without prejudice for failure to exhaust

---

[6] The last grievance attached to the answers to the questionnaire pertains to the fall of a fellow inmate. As such it is unrelated to the issues in this case.

10

administrative remedies under § 1997e(a)); Scott v. Graham, 54 F. Appx. 405 (5th Cir. 2002) (unpublished per curiam) (same).

4. Motion for Leave to Amend

On April 4, 2006, Plaintiff submitted a letter motion seeking leave to amend the complaint to add an additional jail employee as a defendant with respect to an incident which occurred in October 2005.

Rule 15(a), Federal Rules of Civil Procedure, provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." See Fed. R. Civ. P. 15(a). While process has not been issued in this case, Plaintiff's motion is not accompanied by a complete amended complaint. See Local Rule 15.1, which requires that "[a] motion for leave to file an amended pleading must be accompanied by the proposed amended pleading." Plaintiff's letter request fails to comply with this requirement. Therefore, his motion to amend should be denied.[7]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous. See 28 U.S.C. §§ 1915e(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c). Alternatively, in the event the District Court concludes that Plaintiff's complaint should not be dismissed as frivolous or for failure to state a claim, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. See 42 U.S.C. §

---

[7] Moreover, the incidents which occurred in October 2005, to which his letter refers, are wholly unrelated to the claims asserted in his complaint. Further, he may file a subsequent action based upon these incidents without being barred by limitations, provided he has properly exhausted the established grievance procedures.

1997e(a).

It is further recommended that Plaintiff's motion for leave to amend be denied (Docket # 9).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 3rd day of August, 2006.

/s/ Wm. F. Sanderson Jr.<br>
WM. F. SANDERSON, JR.<br>
UNITED STATES MAGISTRATE JUDGE

### NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**



# JOHNSON COUNTY CORRECTIONS
# JAIL ADMINISTRATOR
1800 Ridgemar
Cleburne, TX 76031
PHONE: 817-556-6024
FAX: 817-556-6098



Johnson County Jail

## FAX COVER SHEET

DATE: 2-17-06

(Attachment I)

TO: Judge Anderson

FROM: Lt Lisa Miller

RE: Grievance Procedures

**NUMBER OF PAGES, INCLUDING COVER SHEET:**

**MESSAGE:** anything else you need call me. 817-556-6024.

## COUNTY JAIL RULES

1. ASSAULT BY ANY MEANS UPON ANY PERSON.
2. POSSESSION OF ANY WEAPON OR IMPLEMENT DESIGNED TO INFLICT INJURY.
3. MAKING OR USING INTOXICANTS, OR BEING INTOXICATED.
4. GAMBLING.
5. BEING UNSANITARY OR UNTIDY; FAILING TO KEEP YOUR PERSON AND/OR QUARTERS CLEAN.
6. MUTILATING, DESTROYING, ALTERING OR DAMAGING ISSUED CLOTHING, MATTRESSES, BEDDING OR OTHER PROPERTY OF ANOTHER PERSON OR OF THE COUNTY.
7. USING OBSCENE OF ABUSIVE LANGUAGE OR GESTURES.
8. TAMPERING WITH OR BLOCKING ANY LOCKING DEVICE.
9. INDECENT EXPOSURE.
10. ESCAPE, ATTEMPTING TO ESCAPE OR PLANNING AN ESCAPE.
11. REFUSING TO OBEY AN ORDER OF THE SHERIFF OR ANY MEMBER OF HIS STAFF.
12. STOCKPILING OF PILLS AND/OR MEDICATION, OR THE EXCHANGE OF PILLS AND/OR MEDICATION AMONG INMATES IS STRICTLY PROHIBITED.
13. SETTING FIRES.
14. POSSESSION, INTRODUCTION OR USE OF ANY NARCOTICS.
15. FIGHTING.
16. SELF MUTILATION.

** ANY VIOLATION OF THESE RULES WILL RESULT IN IMMEDIATE DISCIPLINARY ACTION **

THE FOLLOWING IS A LIST OF SERVICES AVAILABLE TO INMATES:

* MEDICAL            - Medical, Eye and Dental services are available to each inmate while confined to the jail. If you require attention notify the jailer.
* COMMISSARY         - Various items of food, refreshments, approved clothing, toilet articles, writing paper, envelopes, stamps, etc. are allowed and may be purchased by inmates.
* CORRESPONDENCE     - You may write and receive as many letters as you wish provided your letters do not in any way violate U. S. Postal Regulations.
* GRIEVANCE PROCEDURE - A grievance form is available to inmates. The form will be made available on request, and instructions will be given on the procedures for filing a grievance.
* LIBRARY            - Reading material is available. The mutilation or destruction of ANY BOOK OR MAGAZINE will result in DISCIPLINARY ACTION in addition to suspension of all library priviledges.
* TELEPHONE          - Inmates will be allowed to make a reasonable number of telephone calls.
* VISITATION         - Visitation is allowed from 6 TO 9 PM, Wednesday thru Sunday only, unless otherwise specified.

DATE:_____    INMATE SIGNATURE:_____

                                 WITNESS:_____

                                                                        30

## Grievance Plan

I. **Objective**

The objective of the Grievance Plan is to provide inmates with an opportunity and procedure to follow in filing a grievance while confined in the Johnson County Law Enforcement Center.

II. **General**

All inmates will be informed of the availability of the grievance procedure at the time of admission during the reading of the rules and regulations. The staff members are encouraged to resolve grievance complaints thereby eliminating the need for filing a formal grievance. At no time will staff members violate any rules or regulations to resolve a grievance.

III. **Procedure**

The grievance will be filed in the form of a written statement, promptly following the incident, and sealed in an unstamped envelope, or forwarded through the regular mail collection system to the Grievance Board. Such letter will be forwarded, without interference, to the Grievance Board.

Materials necessary to file a grievance (paper, pencil and envelope), will be furnished to the inmate upon request.

IV. **Grievance Board**

The Grievance Board will consist of the Jail Administrator, and the Jail Lieutenant. The Grievance Board will follow the follow procedure:

   1. Upon receipt of the grievance, the Grievance Board will review the grievance to determine the following:

      a. If the grievance is an emergency, where delay could subject the inmate to personal injury or other damage.
      b. If the grievance constitutes a prohibited act by a staff member.
      c. If the grievance is a civil rights matter.
      d. If the grievance is an abridgment of inmate privileges.
      e. If the grievance is a criminal act.

   2. Situations requiring emergency action will be addressed immediately upon receipt of the grievance.

   3. Upon determining the category of the grievance, other than emergency, the Grievance Board will investigate fully the allegations.

   4. A written response from the Grievance Board will be submitted

31

        to the inmate to include the findings and actions taken by the Grievance Board.

    5. Previously denied privileges, good time earned, or change in classification will be reinstated upon receipt of a substantial grievance.

    6. Any staff member who subjects an inmate to harassment, curtailment of privileges, or any type of punishment because of a grievance report, or prevents or interferes with the reporting of a grievance, will be subject to immediate dismissal.

V. Grievance Review

Any inmate may request a hearing before the Grievance Review Board, if the findings and actions taken by the Grievance Board are disputed.

The Grievance Board will consist of three staff members who are not directly involved with the daily activities of the jail.

The Grievance Review Board will follow the following procedures:

    1. Upon receipt of the grievance hearing request, the Grievance Review Board will convene as soon as possible, but not to exceed fifteen (15) days, for a hearing and response in writing to the inmates request.

    2. The Grievance Review Board decision will be made by a majority vote, and a written report delivered to the inmate to include:

        a. Name of Board members
        b. Witnesses appearing
        c. A review of the evidence and testimony
        d. Any recommendations for corrective actions and reasons for the corrective action

    3. An inmate may present evidence, written documents and call witnesses to establish the validity of the complaint, if these actions do not jeopardize the security of the facility.

IV. Appeal

If the decision made by the Grievance Board and the Grievance Review Board is disputed by the inmate, he/she may appeal to the Sheriff.

The Sheriff will follow the following procedure:

    1. Upon receipt of an appeal request, the sheriff will review the finding and actions taken by the Grievance Board and the Grievance Review Board.

    2. The Sheriff will notify the inmate in writing of his decision, as soon as possible, but not to exceed fifteen (15) days.

        3.   The decision of the Sheriff is final.

VII.  Records

Records of all grievances, to include notices, written decisions, reviews and appeal paper work will be maintained by the Jail Administrator or his designee. No information regarding a grievance preceding will be released without the consent of the Sheriff or his designee.